In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michael J. PIERSKI, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Michael J. PIERSKI, Respondent.

Supreme Court

*No. 2010AP3012–D.—Decided December 7, 2011.*

2011 WI 99

(Also reported in 806 N.W.2d 628.)

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶ 1. PER CURIAM. The Office of Lawyer Regulation (OLR) filed a three-count disciplinary complaint against Attorney Michael J. Pierski alleging professional misconduct arising from one client matter and seeking a public reprimand. Attorney Pierski did not contest the allegations of misconduct. James J. Winiarski was appointed referee. Following a hearing limited to the issue of discipline, Referee Winiarski recommended the imposition of a public reprimand and costs.

¶ 2. No appeal has been filed. The matter is submitted for this court's review pursuant to SCR 22.17(2).[1] We conclude the record supports the referee's findings of fact and conclusions of law. We agree with

---

[1] SCR 22.17(2) provides as follows:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and

the referee's recommendation to impose a public reprimand. We order Attorney Pierski to bear the costs of this proceeding.

¶ 3. Attorney Pierski was admitted to the practice of law in Wisconsin in 1990. He practices in Milwaukee. In 2003 Attorney Pierski was issued a private reprimand for failing to promptly deliver funds to a third party, in violation of former SCR 20:1.15(b), and for failing to cooperate with an OLR investigation in violation of SCR 22.03(6). Private Reprimand 2003–26.

¶ 4. In April of 2006 an attorney in California, C.L., contacted Attorney Pierski for the purpose of initiating ancillary probate proceedings to transfer title of real estate located in Milwaukee County, Wisconsin. Attorney C.L. represented V.C. regarding the probate of her parents' estates in California. Under the terms of the decedents' wills, their property located in Wisconsin was to pass to a family trust.

¶ 5. Attorney Pierski agreed to handle the matter. On April 24, 2006, C.L.'s office forwarded copies of various documents to Attorney Pierski for his review. On October 26, 2006, after V.C. was appointed special administrator in California, C.L. sent Attorney Pierski certified copies of the order for probate and letters of special administration. C.L. requested that Attorney Pierski prepare the necessary documents for V.C.'s signature and forward them to V.C. C.L. also requested courtesy copies of all correspondence Attorney Pierski sent to V.C., and requested that Attorney Pierski contact C.L. if he required any further documentation.

---

conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶ 6.  In January of 2007 C.L.'s firm sent a facsimile message to Attorney Pierski asking for an update and requesting that Attorney Pierski provide a letter detailing the current status of the ancillary proceeding in Wisconsin for submission to the probate court in California. Attorney Pierski did not respond.

¶ 7.  Over the next several months, C.L. and V.C. attempted to contact Attorney Pierski numerous times by telephone and left messages with his secretary. Attorney Pierski did not respond to C.L. or V.C., nor did he return any of their phone calls.

¶ 8.  Attorney Pierski took no action to transfer the real property to the trust.

¶ 9.  C.L. filed a grievance against Attorney Pierski. The OLR contacted Attorney Pierski to obtain a formal response. Attorney Pierski failed to respond to several requests from the OLR before finally providing the requested response on December 10, 2007.[2]

¶ 10.  On December 14, 2010, the OLR filed a three-count complaint, alleging that:  (1) by failing to take any action to transfer the real property to the family trust, Attorney Pierski failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3;[3] (2) by failing to respond to

---

[2] After the grievance was filed in the current case, OLR offered Attorney Pierski a private reprimand. Attorney Pierski consented and the private reprimand was presented to a referee for approval, pursuant to SCR 22.09. That referee refused to accept the agreement for a private reprimand in this case, citing similar conduct in both cases (the prior private reprimand from 2003 and the current case) and the need for progressive discipline. Attorney Pierski would not agree to a public reprimand. The OLR then filed the disciplinary complaint in the current case.

[3] SCR 20:1.3 states "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

inquiries from V.C. and C.L. beginning in January 2007 and continuing through mid-July of 2007, Attorney Pierski failed to promptly comply with a client's reasonable requests for information, in violation of former SCR 20:1.4(a)[4] (effective through June 30, 2007) and current SCR 20:1.4(a)(4)[5] (effective July 1, 2007); and (3) by failing to provide his initial response to the grievance within 20 days and by failing to timely respond to OLR's requests for a supplemental response until being personally served with a final notice threatening the temporary suspension of his license, Attorney Pierski failed to cooperate with an OLR investigation, contrary to SCRs 22.03(2) and (6),[6] which are enforced

[4] Former SCR 20:1.4(a) (effective through June 30, 2007) provided that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[5] SCR 20:1.4(a)(4) states a lawyer shall "promptly comply with reasonable requests by the client for information; . . . ."

[6] SCRs 22.03(2) and (6) state:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

500

via SCR 20:8.4(h).[7]

¶ 11. The parties filed a "Stipulation of Facts and Admission of Violation" on June 20, 2011. By way of the stipulation, Attorney Pierski admitted the primary allegations of the complaint and also admitted that the facts constitute violations of the cited supreme court rules. Attorney Pierski reserved the right to present evidence and testimony regarding the appropriate sanction.

¶ 12. The referee then heard and considered the parties' arguments regarding discipline. Attorney Pierski argued for a second private reprimand. The OLR argued that since the conduct in the 2003 private reprimand case and the conduct in this case are very similar, including failure to cooperate with the OLR in each case, that progressive discipline must be imposed in this case and requested a public reprimand. The referee filed his report and recommendation on September 15, 2011. No appeal has been filed.

■■

¶ 13. The court will affirm the referee's findings of fact unless they are clearly erroneous. *In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The referee's conclusions of law are reviewed de novo. *Id.*

■

¶ 14. The referee articulated the factors to be considered in imposing appropriate discipline for professional misconduct, which include: (1) the seriousness, nature and extent of the misconduct; (2) the level

---

[7] SCR 20:8.4(h) states it is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

of discipline needed to protect the public, the courts, and the legal system from repetition of the attorney's misconduct; (3) the need to impress upon the attorney the seriousness of the misconduct; and (4) the need to deter other attorneys from committing similar misconduct. *In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 40, 248 Wis. 2d 662, 636 N.W.2d 718.

■

¶ 15.  The referee noted he was troubled by the fact that Attorney Pierski, with no good explanation, has again failed to cooperate with an OLR investigation. The referee stated that the "only conclusion I can reach is that [Attorney Pierski] simply ignored his duties and responsibilities in relation to the ancillary probate proceeding he had agreed to undertake. He also, for the second time, ignored his duties as a Wisconsin attorney to promptly and timely respond to a grievance as requested by OLR." The referee found no evidence that Attorney Pierski had any kind of improper motive in failing to handle the ancillary probate proceeding or failing to timely respond to OLR's investigation, but concluded that Attorney Pierski "simply did not recognize the urgency and his responsibility to do so in either case." On balance the referee recommended, and we agree, that a public reprimand is appropriate in this case. The referee also recommended, and we agree, that Attorney Pierski should be responsible for all costs of this disciplinary proceeding which total $5,179.43 as of October 5, 2011.

¶ 16.  IT IS ORDERED that Michael J. Pierski is publicly reprimanded for his professional misconduct.

¶ 17.  IT IS FURTHER ORDERED that within 60 days of the date of this order, Michael J. Pierski pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time

specified and absent a showing to this court of his inability to pay the costs within that time, the license of Michael J. Pierski to practice law in Wisconsin shall be suspended until further order of the court.